U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAR 2 8 2005
#250. Pd
LAWRENCE K. BAERMAN, CLERK
ALBANY

Summons Iss'd.
(WL)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES IACOMINI,
Plaintiff,
vs.

NEW YORK STATE OFFICE OF REAL PROPERTY SERVICES, MARY BRYAN, STEVE KING, DONALD G. PARKER, JR., and RANDOLPH MCGOUGH,
Defendants.

COMPLAINT

Civil Case No.: 05-CV-0382

GLS / RFT

Plaintiff in the above captioned action, alleges as follows:

JURISDICTION

1. This is a civil rights action seeking relief and damages to defend and protect rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 USC § 1983, along with pendent state claims. The Court has jurisdiction over this action pursuant to 28 USC §§ 1331, 1343(3) and (4) and 2201. Venue is proper as all parties reside in the Northern District of New York.

2. Plaintiff is a resident of New York State.

3. Defendant Office of Real Property Services (ORPS) is an agency of the State of New York.

4. Defendants Bryan, King, Parker and McGough are employees of ORPS and are in positions superior to the plaintiff.

5. The Court has jurisdiction over this action pursuant to 28 USC §§ 1331.

6. Venue is proper as the parties reside in the Northern District of New York, and the events took place in the Northern District of New York.

## PARTIES

7. The Plaintiff, James Iacomini, is a natural person who resides at 71 Skylark Drive, in the Town of Milton and County of Saratoga in the State of New York, which is in the Northern District of New York.

8. Defendant State of New York Office of Real Property Services (ORPS) is a state agency and has its principal place of business at 16 Sheridan Avenue in the City of Albany, County of Albany, State of New York.

## FACTS

9. Plaintiff has been an employee of ORPS for over 20 years.

10. On or about February 17, 2005, plaintiff was removed involuntarily from ORPS premises without explanation.

11. On 2/17/2005 a memo was circulated in ORPS by Mary Bryan and Steve King, ORPS Director of Financial Administration, stating that plaintiff was "barred from coming on

ORPS property, either in the parking garage, the main office or any regional site." Employees were directed, on sight of plaintiff on ORPS premises, to report such fact to ORPS Human Resources. The memo identified plaintiff as a "Restricted Employee."

12. On February 18, 2005, ORPS Director of Human Resources Donald G. Parker, Jr., sent plaintiff a letter stating that he had determined there was probable cause to believe that plaintiff represented a danger to himself and his co-workers, and that Parker was placing plaintiff on an involuntary leave of absence pursuant to New York State Civil Service Law § 72(5), and further stating that Parker was requesting medical examinations of the plaintiff with a medical examiner and a psychiatrist.

13. On February 22, 2005, pursuant to Civil Service Law § 72(1), plaintiff's counsel sent a letter to Parker objecting to the imposition of the involuntary leave, requesting a hearing, requesting written notice of the facts providing the basis for Parker's judgment that plaintiff was not fit to perform his duties, and objecting to having two medical examinations.

14. On 2/23/2005, plaintiff's psychiatrist sent Parker a letter stating that he had "conducted a psychiatric evaluation … and … can find no reason why [plaintiff] should not return to work as soon as possible."

15. By letter dated 2/28/2005 (and postmarked 3/2/2005), ORPS Director of Personnel Randolph McGough sent plaintiff's counsel a letter acknowledging receipt of the 2/22 letter. McGough stated that "the agency felt there was probable cause to believe that [plaintiff's] continued presence on the job represented a potential danger to person or property or would severely interfere with the agency's operations." McGough's letter did not set forth written notice of the facts underlying the judgment that plaintiff was

not fit to perform his duties, disregarded the request for a hearing, and repeated the intent to conduct two medical examinations with two medical officers.

16. On 3/3/2005, plaintiff's counsel sent a letter to Parker and McGough noting that plaintiff had been scheduled for two medical appointments on 3/4 and 3/8, and that written notice of the facts had not been provided yet. Plaintiff's counsel again requested written notice of the facts as § 72(1) requires such notice "prior to the conduct of the medical examination."

17. On 3/4/2005, plaintiff's counsel sent a letter in response to the 2/28 letter, discussing the details of § 72(1) and case law regarding ORPS failure to follow procedures and the implications of this regarding its use of § 72(5). The letter requested reinstatement and back pay.

18. Medical examinations were conducted on 3/4 and 3/8/2005. Plaintiff appeared for the examinations and cooperated.

19. On 3/21/2005, plaintiff's counsel spoke with McGough by telephone. McGough refused to conduct a hearing within the 30-day timeframe required by § 72(1). McGough explicitly refused to provide written notice of the facts. McGough refused to provide the results of the medical examinations which had taken place two weeks earlier. McGough stated that a disciplinary proceeding against plaintiff was in process but did not provide further details. Plaintiff's counsel followed up with a letter to Parker and McGough.

20. As of the date of this Complaint, defendants have failed to provide written notice of the facts, conduct a hearing, provide the results of the medical examinations, and otherwise failed to comply with the requirements of § 72.

21. As of the date of this Complaint, defendants continue to keep plaintiff out of work on a leave of absence, and refuse to reinstate him to his position.

AS AND FOR A FIRST CAUSE OF ACTION

22. Civil Service Law § 72(5) is unconstitutional on its face as it fails to require the employer to provide the employee with written notice of the facts supporting the employer's determination and fails to provide for an adversarial hearing, thereby failing to provide minimal due process safeguards.

23. Defendants failed to provide plaintiff with written notice of the facts supporting their determination that plaintiff was a danger to himself and his co-workers.

24. Defendants did not have probable cause to believe that plaintiff represented a danger to persons or property or would severely interfere with operations.

25. Civil Service Law § 72(5) allows for involuntary leave only where the employer has probable cause to believe that the employee represents a danger to persons or property or would severely interfere with operations.

26. Defendants failed to provide written notice before the medical examinations.

27. Civil Service Law § 72(1) requires written notice of the facts be provided to the employee before the medical examinations.

28. Defendants failed to provide plaintiff with an adversarial hearing.

29. Defendants failed to provide plaintiff with a hearing within 30 days of his request.

30. Civil Service Law § 72(1) requires a hearing within 30 days of the employee's request.

31. Defendants ordered plaintiff to submit to two medical examinations by two medical officers.

32. Civil Service Law § 72(1) allows the employer to require only one medical examination by one medical officer.

33. Defendants' application of Civil Service Law § 72(5) to plaintiff was unconstitutional in practice as defendants failed to provide plaintiff with written notice of the facts supporting the defendants' determination, failed to provide for an adversarial hearing, and failed to comply with the procedures set forth in § 72, thereby failing to provide minimal due process safeguards.

34. Plaintiff is entitled to reinstatement, back pay, and a name-clearing hearing.

AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff has suffered emotional distress as a result of defendants' aforesaid conduct.

36. Defendants' conduct was extreme and outrageous.

37. Plaintiff is entitled to compensatory damages for defendants' intentional infliction of emotional distress upon him pursuant to state law.

AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiff suffered emotional distress necessitating medical treatment as a result of the denial of due process.

39. Plaintiff incurred attorney fees and litigation expenses as a result of the denial of due process.

40. Plaintiff has suffered actual injury as a result of the denial of due process.

41. Plaintiff is entitled to compensatory damages for the actual injury suffered as a result of the denial of due process

AS AND FOR A FOURTH CAUSE OF ACTION

42. The memo circulated by defendants King and Bryan was defamatory and stigmatizing toward the plaintiff.

43. Defendants and other supervisory employees made a number of false, defamatory and stigmatizing statements about the plaintiff, distributing such comments widely throughout ORPS.

44. Defendants' false, defamatory and stigmatizing statements about plaintiff included statements that plaintiff was dangerous, that plaintiff was psychiatrically and/or emotionally disturbed, that plaintiff was making a bomb, and other statements that called into question plaintiff's good name, reputation, honor and integrity, and denigrated plaintiff's competence as a professional and impugning his professional reputation.

45. Defendants' false, defamatory and stigmatizing statements were made concurrently to plaintiff's dismissal from government employment and concurrently to the aforesaid defamatory and stigmatizing memo circulated by King and Bryan.

46. Plaintiff's injuries would have been reduced if defendants had conducted a name-clearing hearing in a timely manner.

47. Plaintiff is entitled to compensatory damages for reputational damage and emotional distress for this "stigma-plus" claim arising out of the due process violations.

AS AND FOR A FIFTH CAUSE OF ACTION

48. Plaintiff is entitled to damages for defamation pursuant to state law.

AS AND FOR A SIXTH CAUSE OF ACTION

49. Defendants King, Parker and McGough are high-ranking officials with policymaking authority in the employment area at issue in this case.

50. Defendant ORPS is vicariously liable for the actions of Defendants King, Parker and McGough pursuant to § 1983.

AS AND FOR A SEVENTH CAUSE OF ACTION

51. Defendants continued in the aforesaid course of action despite repeated communications from plaintiff's counsel regarding their failure to comply with the requirements of § 72(1) and the unconstitutionality of § 72(5).

52. Defendants' have intentionally and flagrantly disregarded the law and plaintiff's constitutional rights.

53. Defendants abused their power in an intolerable manner.

54. Plaintiff is entitled to punitive damages as a result of defendants' conduct.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. Compensatory damages for per se defamation in the sum of $1,000,000; and
B. Compensatory damages for emotional distress in the sum of $1,000,000; and
C. Compensatory damages for pecuniary damages including lost wages, income and benefits in the sum of $1,000,000; and
D. Punitive damages in the sum of $10,000,000;

together with attorney fees and the costs and disbursements of this action.

JURY DEMAND

Plaintiff demands a trial by jury composed of the maximum number of jurors allowable by law.

Attorney for Plaintiff
Warren Redlich, Esq.
1736-A Western Avenue
Albany, New York 12203
888-733-5299

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and based upon my personal knowledge.

Dated: 3-28-2005

James Iacomini

SWORN TO and subscribed in my presence on this 28th day of March, 2005.

Notary Public

Warren Redlich, Esq.
Alb. Co. 02RE6057150
Expires 04/09/2007